UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ORTIZ,<br>        Plaintiff,<br>    v.<br>COUNTY OF SONOMA, et al.,<br>        Defendants. | Case No. 14-cv-00322-JSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br>Re: Dkt. No. 8 |

Pursuant to 42 U.S.C. section 1983, Plaintiff David Ortiz brings this action against Defendants County of Sonoma, Sheriff Steve Freitas, Assistant Sheriff Randall Walker, and correctional deputies Gregory Bone and Kenneth Sheets as a result of injuries Plaintiff allegedly suffered at the Sonoma County Jail. (Dkt. No. 1.)  Before the Court is Defendants' motion to dismiss.  (Dkt. No. 8.)  The Court finds this matter suitable for disposition without oral argument. Civ. L.R. 7-1(b).  Upon consideration of the papers submitted by the parties, the Court GRANTS Defendants' motion to dismiss.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint alleges five instances of deliberate indifference to Plaintiff's health and welfare in support of his section 1983 claim.  First, Plaintiff was assaulted by Defendants Bone and Sheets and required hospital treatment.  (Dkt. No 1. at ¶¶ 7-9, 28.)  Second, by housing him on the upper tier of cells despite his diagnosis of vertigo, Plaintiff suffered a fall that required hospital treatment.  (*Id.* at ¶¶ 15-18, 29-30.)  Third, the jail's medical department failed to maintain a supply of the medication necessary to treat Plaintiff's vertigo, (*id.* at ¶ 31-32), and Plaintiff fell from the upper tier during the period when he was not receiving his medication  (*id.* at ¶ 31).  Fourth, although the state court required Plaintiff to participate in the Treatment Accountability for Safer Communities ("TASC") rehabilitation program as a condition of his

probation, the jail refused to permit the program representatives to interview Plaintiff because he was in administrative segregation. (*Id.* at ¶ 33.) Fifth, the jail kept Plaintiff segregated from the population without concern for the medical and psychological effects he would suffer. (*Id.* at ¶ 34.)

Plaintiff also filed an "Amendment to Complaint," consisting of only three paragraphs as follows:

### AMENDMENT

28. County is liable to Plaintiff under the provisions of Gov. Code § 845.4, when policy precluded plaintiff from participating in T.A.S.C. by barring access for interview.

29. County is liable for injuries because Vertigo as found, made the upper tier and stairway a dangerous condition on the property causing harm.

30. No new facts are alleged, not pled facts contradicted. All individuals are liable because of acts or omissions which caused the injuries could be committed or omitted, since access and power were related causally to job or position.

(Dkt. No. 7.)

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue

of law.").

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

## DISCUSSION

Defendants move to dismiss the Complaint and the Amendment under Federal Rule of Civil Procedure 12(b)(6). Although Plaintiff submitted a response to Defendants' motion (Dkt. No. 17), and an unauthorized surreply titled "Standard of Review on Motion to Dismiss" (Dkt. No. 24), Plaintiff does not offer substantive responses to Defendants' motion. The Court concludes that Defendants' motion to dismiss must be granted in the entirety, but will give Plaintiff the opportunity to amend the Complaint as specified below.

**I.    The "Amendment to Complaint" is Improper and Fails to State a Claim**

Plaintiff's "Amendment to Complaint" violates Civil Local Rule 10-1, which requires that "[a]ny party filing or moving to file an amended pleading must reproduce the entire proposed

1 pleading and may not incorporate any part of a prior pleading by reference." Nevertheless, in the
2 interest of efficiency, the Court addresses the substance of Plaintiff's amendment rather than
3 requiring him to file a new document encompassing the Complaint and the purported amendment.

A. **Plaintiff Fails to State a California Government Code Section 845.4 Claim**

The purported amendment to the Complaint alleges Defendants violated California Government Code section 845.4 because its "policy precluded Plaintiff from participating in T.A.S.C. by barring access for interview." (Dkt. No. 7 at ¶ 28.) Section 854.4 provides:

> Neither a public entity nor a public employee acting within the scope of his employment is liable for interfering with the right of a prisoner to obtain a judicial determination or review of the legality of his confinement; but a public employee, and the public entity where the employee is acting within the scope of his employment, is liable for injury proximately caused by the employee's intentional and unjustifiable interference with such right, but no cause of action for such injury shall be deemed to accrue until it has first been determined that the confinement was illegal.

Cal. Gov't Code § 845.4. Defendants argue that Plaintiff fails to state a claim under section 845.4 because he does not allege that (1) Defendants interfered with Plaintiff's right to obtain a judicial determination or review of the legality of his confinement, or (2) the public employee Defendants were acting within the scope of their employment. The Court agrees. Moreover, Plaintiff cannot cure this claim by amendment because any cause of action Plaintiff has under this section does not accrue until it has first been determined that his confinement was illegal. Plaintiff's opposition does not suggest that any such determination has been made. Plaintiff's section 845.4 claim must therefore be dismissed without leave to amend.

B. **Plaintiff Fails to State a Claim for Dangerous Condition of Public Property Against Sonoma County**

Plaintiff's purported amendment also alleges that the "County is liable for injuries because Vertigo as found, made the upper tier and stairway a dangerous condition to the property causing harm." (Dkt. No. 7 at ¶ 29.) Plaintiff does not invoke any statutory section in this paragraph, but to the extent he attempts to state a claim under California Government Code section 844.6, his claim fails and cannot be cured. Section 844.6, which concerns "[i]njuries by and to prisoners," plainly states that "a public entity is not liable for . . . [a]n injury to any prisoner." § 844.6(1)(2).

4

*See, e.g.*, *Wheat v. Cnty. of Alameda*, C 11-4509 MEJ, 2012 WL 966949, at *6 (N.D. Cal. Mar. 21, 2012). Accordingly, Plaintiff's dangerous condition claim is dismissed without leave to amend .

### C. Plaintiff Fails to State a Claim for Dangerous Condition of Public Property Against the Public Employee Defendants

Defendants urge the Court to dismiss any claim for dangerous condition of public property against the individual defendants because the allegations against them are insufficient. First, Plaintiffs do not name any individual defendants in the Amendment. Second, under Government Code section 840, public employees are immune for liability for injuries caused by a dangerous condition if the condition exists because of an act or omission within the employee's scope of employment, and Plaintiff does not allege the elements required for the exception to this general rule as set forth in section 840.2. Aside from any shortcomings in Plaintiff's pleading, however, Plaintiffs' dangerous condition claim fails because he alleges it was Plaintiff's vertigo that made the upper tier and stairway a dangerous condition for Plaintiff, not any feature of the upper tier or stairway itself. Accordingly, Plaintiff will not be able to state a claim for dangerous condition based on Plaintiff's vertigo and therefore any claim he attempts to make against the public employees must be dismissed without leave to amend.

## II. The Complaint is Dismissed with Leave to Amend

Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that [plaintiff] is entitled to relief." In particular, by neglecting to indicate which defendants are sued in connection with the factual allegations and whether they are sued in their official or personal capacity, the Complaint does not give each defendant "notice of what they must defend against." *Callahan v. Patsy*, 972 F.2d 1337, 1337 (9th Cir. 1992). Because it is not clear that the deficiencies in Plaintiff's Complaint "could not possibly be cured," the Court will dismiss the Complaint without prejudice and give Plaintiff the opportunity to file an amended complaint. *Lopez*, 203 F.3d at 1127.

Any amended complaint must comply with Rule 8(a) by including the legal and factual basis for each cause of action. Plaintiff must also identify which defendants he wishes to sue under each cause of action, whether the defendant is sued in his official or personal capacity, and

5

which factual allegations apply to each defendant in each cause of action.  In addition, any amended complaint must comply with Civil Local Rule 10-1.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss the Complaint without prejudice and GRANTS their motion to dismiss the Amendment to Complaint without leave to amend.  Plaintiff shall file any amended complaint no later than April 25, 2014.

This Order disposes of Docket No. 8.

**IT IS SO ORDERED.**

Dated:  April 4, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge