1

2

3

4                      UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6

7    DAVID ORTIZ,                              Case No.  14-cv-00322-JSC
                   Plaintiff,
8
          v.                                   **ORDER RE: MOTION TO DISMISS**
9
                                               Re: Dkt. No. 32
10   COUNTY OF SONOMA, et al.,
                   Defendants.
11

12

13          Plaintiff David Ortiz makes claims pursuant to 42 U.S.C. section 1983 arising from his

14   detention at the Sonoma County Jail facility.  The Court previously dismissed his original

15   complaint with leave to amend.  Now pending before the Court is Defendants' Motion to Dismiss

16   the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).   (Dkt. No. 32.)

17   After carefully considering the pleadings submitted by the parties, the Court concludes that oral

18   argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Defendants' Motion to Dismiss with

19   leave to amend.

20                                 **BACKGROUND**

21          Plaintiff's First Amended Complaint purports to make five claims.   First, Plaintiff was

22   assaulted by Defendants Bone and Sheets and required hospital treatment.  (Dkt. No 27 at ¶¶ 7-9,

23   28-29.)  Second, by housing him on the upper tier of cells despite his diagnosis of vertigo, Plaintiff

24   suffered a fall that required hospital treatment.  (*Id.* at ¶¶ 15-18, 30-32.)  Third, the jail's medical

25   department failed to maintain a supply of the medication necessary to treat Plaintiff's vertigo, (*id.*

26   at ¶ 33-34)[1], and Plaintiff fell from the upper tier during the period when he was not receiving his

27   _____

28   [1] The numbering of the paragraphs in the First Amended Complaint is inconsistent starting at
     paragraph 34.  For purposes of this Order, the Court refers to the paragraphs by whatever

United States District Court
Northern District of California

1    medication  (*id.* at ¶ 33).  Fourth, although the state court required Plaintiff to participate in the

2    Treatment Accountability for Safer Communities ("TASC") rehabilitation program as a condition

3    of his probation, the jail refused to permit the program representatives to interview Plaintiff

4    because he was in administrative segregation.  (*Id.* at ¶¶ 28, 35.)  Fifth, pursuant to County policy

5    the jail kept Plaintiff segregated from the population without concern for the medical and

6    psychological effects he would suffer.  (*Id.* at ¶ 36.)

7          The Court previously granted Defendants' Motion to Dismiss Plaintiff's complaint and a

8    subsequently filed "Amended Complaint" for failure to state a claim upon which relief could be

9    granted.  Plaintiff, who is represented by counsel, was granted leave to file an amended complaint,

10   although he was cautioned that "[a]ny amended complaint must comply with Rule 8(a) by

11   including the legal and factual basis for each cause of action.  Plaintiff must also identify which

12   defendants he wishes to sue under each cause of action, whether the defendant is sued in his

13   official or personal capacity, and which factual allegations apply to each defendant in each cause

14   of action."  (Dkt. No. 26, 5:26-6:1.)  Plaintiff subsequently filed a First Amended Complaint

15   ("FAC") which is largely identical to original complaint, although it adds allegations with respect

16   to Defendants Freitas and Walker as to the second and third claims regarding deliberate

17   indifference to his medical condition of vertigo.  (*Id.* at ¶¶ 31, 34.)

18                                          **LEGAL STANDARD**

19         A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the

20   sufficiency of the complaint where the action fails to allege "enough facts to state a claim to relief

21   that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has

22   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

23   reasonable inference that the defendant is liable for the misconduct alleged. The plausibility

24   standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

25   a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations

26   omitted).  Under Federal Rule of Civil Procedure 8(a) (2) a party is only required to make "a short

27

28

United States District Court
Northern District of California

sequential number they should have, rather than those that appear in the FAC.

and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 554 (internal citations and quotations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).   However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).   "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).

If a Rule 12(b)(6) motion is granted, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

## DISCUSSION

Plaintiff's FAC is nearly identical to the previously dismissed original complaint, and thus, subject to the same deficiencies as his original complaint. First, Plaintiff has failed to substantively identify which defendants are sued under each cause of action.  Second, Plaintiff has failed to identify whether the individual defendants are sued in their official or individual capacity.  Third, the allegations are insufficient to state a claim pursuant to section 1983 as discussed below. [2]

### A.      Assault By Officers (First Claim) [3]

Plaintiff still fails to identify the defendants whom are named under his "assault" claim.

_____

[2] To the extent Plaintiff attempts to cure these deficiencies in his opposition to Defendants' motion, this procedure is unavailing. *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) (noting that the complaint controls the Rule 12(b)(6) inquiry.)
[3] In the FAC, the claims are numbered VII-X.  For ease of reference, the Court refers to them as claims One through Five.

United States District Court
Northern District of California

While the Court (and Defendants) assume he is naming Officers Bone and Sheets in their individual capacities, Plaintiff's FAC is unclear.  Further, it is unclear whether with this claim for relief if he is making a claim for excessive force or some other claim.  To the extent he seeks to hold the County liable under *Monell* for the actions of Bone and Sheets, such claim should be pled separate from the claims against Bone and Sheets in their individual capacities.  The new paragraph Plaintiff added to the "Assault by Officers" claim only adds to the confusion as it discusses a different issue, namely placing Plaintiff in segregation.  Thus, while Defendants and the Court agree that Plaintiff can state a claim against Bone and Sheets for their alleged assault of Plaintiff, the claim for "Assault By Officers" is dismissed with leave to amend to make clear that the claim is for the assault, and not something else, and is only asserted against Bone and Sheets.  To the extent Plaintiff is making a *Monell*  claim regarding the assault, such claim must be pled separately and identify the appropriate defendant(s) as well as the County policy, custom or practice that Plaintiff alleges led to his injury.

**B.      Vertigo (Second Claim)**

Plaintiff again does not identify the defendants whom are named under his "Vertigo" claim.  Plaintiff added allegations that Sheriff Freitas and Assistant Sheriff Walker are the "final decision makers," but as with the "Assault By Officers" claim, the policy the FAC identifies relates to segregation and Plaintiff's right to a TASC interview, except for one line that states that Freitas and Walker were aware of Plaintiff's medical diagnosis of vertigo and treatment.  There is no corresponding allegation, however, that Freitas or Walker had anything to do with his placement in the upper tier.

To the extent that Plaintiff alleges liability against Freitas and Walker based on a theory of supervisory or respondeat superior liability, the allegations are insufficient.  "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).  A supervisor may be held liable under Section 1983 for "1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the

4

1   constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless

2   or callous indifference to the rights of others." *Edgerly v. City and County of San Francisco*, 599

3   F.3d 946, 961 (9th Cir. 2010) (internal quotations and citations omitted).  Here, the allegations are

4   not sufficient to state a claim for supervisory liability.

5           Further, the specifics of Plaintiff's deliberate indifference claim are unclear.  To state a

6   claim for deliberate indifference plaintiff must  "[1] show a serious medical need by demonstrating

7   that failure to treat a prisoner's condition could result in further significant injury or the

8   unnecessary and wanton infliction of pain" and [2] "show the defendant's response to the need

9   was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal

10  quotation marks and citation omitted).  It appears, although it is far from clear, that Plaintiff

11  alleges he was injured on June 30, 2012 when he fell while walking from the upper tier to the

12  lower tier as ordered to do.  But, again, Plaintiff does not allege which defendant is allegedly liable

13  for Plaintiff's injuries from the fall and why.  And there is certainly nothing in the FAC to suggest

14  that Bone or Sheets is liable on this claim.  Accordingly, the claim for "Vertigo" is dismissed with

15  leave to amend.

16          **C.      Prescription Medication (Third Claim)**

17          Plaintiff alleges that although his medical records documented his need for vertigo

18  medication, the pharmacy did not have the necessary medication and as a result, he fell down the

19  stairs during his move to a lower cell.  Plaintiff has not alleged who was responsible for injuries,

20  which are presumably the same injuries described in his Second Claim.  Plaintiff includes an

21  allegation that Sheriff Freitas and Assistant Sheriff Walker allowed the prescription medication

22  supply to run out, but as with his Second Claim, these bare allegations are insufficient to give rise

23  to a claim of supervisory liability.  The claim for "Prescription Medication" is therefore dismissed.

24          **D.      Rehabilitation Program (Fourth Claim)**

25          Plaintiff alleges that the jail administration was deliberately indifferent to his welfare and

26  safety when it refused to allow him to be interviewed and as a result Plaintiff was not admitted to

27  the TASC program.  Once again, Defendant fails to identify the defendant(s) he is seeking to hold

28  liable for his injury.  Nor does he sufficiently identify the constitutional provision that was

United States District Court
Northern District of California

5

violated by the failure to allow him to be interviewed.  In other words, assuming that jail personnel in fact refused to allow Plaintiff to be interviewed for the TASC program, how was such conduct unconstitutional?  Further, Plaintiff's separate case management conference statement does not include this "rehabilitation" claim (Dkt. No. 38 at 2); instead, it appears that this claim may be part of his challenge to his segregation.  Accordingly, the "Rehabilitation Program" claim is dismissed.

### E.     Segregation (Fifth Claim)

Plaintiff's final claim alleges that pursuant to County policy he was placed in segregation the entire time he was in their jurisdiction. Once again he fails to identify the "defendant" to this claim.  If the defendant is the County then the claim must say so.  The County concedes that if it is named as a defendant on this claim, then the claim survives a 12(b)(6) motion. (Dkt. No. 37 at 5.) The problem, again, is that Plaintiff does not identify the defendant to this claim.  Accordingly, the Segregation claim, too, is dismissed with leave to amend.

### CONCLUSION

For the reasons explained above, Defendant's motion to dismiss is GRANTED.

Plaintiff may file a Second Amended Complaint within 21 days from the date of this Order.  In his Second Amended Complaint, Plaintiff **shall** separately identify each claim with a title and a number (beginning with the first claim) and clearly identify the specific facts supporting each claim in accordance with this Order.  Each separate claim **shall** also: (1) identify which defendants are sued under the particular claim, and (2) state whether each defendant is sued in his official or individual capacity.  For example, if the first claim is a section 1983 claim for assault against Bone and Sheets, the claim should be titled as follows:

**First Claim for Relief**

**Section 1983—Assault**

**Against defendants Bone and Sheets in their individual capacities**

Again, each claim shall identify which defendants are sued under the claim and, if the defendant is a person, whether sued in his individual or official capacity.

Failure to file a Second Amended Complaint by this deadline may result in judgment in Defendants' favor.

1    This Order disposes of Docket No. 32.

2    **IT IS SO ORDERED.**

3    Dated: June 25, 2014

4                                            _____

5                                            JACQUELINE SCOTT CORLEY
                                             United States Magistrate Judge