UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ORTIZ,<br><br>           Plaintiff,<br><br>    v.<br><br>STEVE FREITAS, et al.,<br><br>           Defendants. | Case No. 14-cv-00322-JSC<br><br>**ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 45 |

Plaintiff David Ortiz makes claims pursuant to 42 U.S.C. section 1983 arising from his detention at the Sonoma County Jail facility. The Court has twice dismissed his complaint with leave to amend and precise instructions regarding the allegations necessary to state a claim. Now pending before the Court is Defendants' Motion to Dismiss the Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 45.) After carefully considering the pleadings submitted by the parties the Court concludes that oral argument is not necessary, *see* Civ. L.R. 7-1(b), and GRANTS Defendants' Motion to Dismiss in part and DENIES it in part. The Fourth and Fifth Causes of Action are dismissed, as are any claims based on the Fifth Amendment to the United States Constitution. As leave to amend yet again would be futile, the dismissal is with prejudice. In all other respects the motion to dismiss is denied. Defendants shall answer the SAC within 20 days of the filing of this Order.

## BACKGROUND

Plaintiff's Second Amended Complaint ("SAC") contains seven causes of action: (1) excessive force as to Defendant Bone, (2) excessive force as to Defendant Sheets, (3) deliberate indifference to Plaintiff's medical needs with respect to his vertigo as to Defendants Sheriff Freitas and Assistant Sheriff Randall Walker, (4) denial of medication for vertigo as to Defendant the

1    County of Sonoma ("the County"), (5) denial of medical treatment as to the County, (6)
2    segregation as to the County, and (7) denial of medical treatment with respect to hearing problems
3    in August and September 2012 as to the County. (Dkt. No. 43.)
4      The Court has previously granted motions to dismiss for failure to state a claim upon
5    which relief could be granted. Plaintiff's original complaint and a subsequently filed "Amended
6    Complaint," which contained many of the same allegations raised in the SAC, were dismissed
7    with leave to amend. (Dkt. No. 26.) The dismissal order cautioned Plaintiff that "[a]ny amended
8    complaint must comply with Rule 8(a) by including the legal and factual basis for each cause of
9    action. Plaintiff must also identify which defendants he wishes to sue under each cause of action,
10   whether the defendant is sued in his official or personal capacity, and which factual allegations
11   apply to each defendant in each cause of action." (*Id.* at 5:26-6:1.) Plaintiff subsequently filed a
12   First Amended Complaint which was largely identical to the original complaint, although it added
13   allegations with respect to Defendant Freitas and Walker as to the second and third claims
14   regarding deliberate indifference to his medical condition of vertigo. (Dkt. No. 27 at ¶¶ 31, 34.)
15   The Court dismissed that complaint as well because with respect to each allegation Plaintiff had
16   failed to (1) substantively identify which defendants were sued under each cause of action; (2)
17   identify whether the individual defendants were sued in their official or individual capacity; and
18   (3) state a claim pursuant to section 1983.
19     Plaintiff thereafter filed the underlying SAC which reiterates the same claims as raised in
20   the preceding complaints. Upon receipt of the SAC, Defendants sent a letter to Plaintiff noting
21   certain deficiencies with respect to the SAC and seeking Plaintiff's stipulation to file a Third
22   Amended Complaint addressing these perceived deficiencies. (Dkt. No. 46-1.) Plaintiff declined
23   to so stipulate and the now pending motion to dismiss followed. (Dkt. Nos. 46-2 & 48-3)

## LEGAL STANDARD

25   A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the
26   sufficiency of the complaint where the action fails to allege "enough facts to state a claim to relief
27   that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has
28   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). Under Federal Rule of Civil Procedure 8(a) (2) a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 554 (internal citations and quotations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).

If a Rule 12(b)(6) motion is granted, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## DISCUSSION

Plaintiff reiterates many of the same claims made in his prior two complaints; however, rather than adding allegations to clarify his prior claims as directed by this Court's two prior

1  orders, Plaintiff has instead included even fewer allegations making his claims even more difficult
2  to understand and therefore non-cognizable.  Defendants move to dismiss Plaintiff's first, second,
3  fourth, fifth, and sixth causes of action as well as any cause of action predicated on the Fifth
4  Amendment.  Defendants contend that as Plaintiff has been given multiple opportunities to amend
5  the complaint, but has as yet been unable to cure the defects, further leave to amend should not be
6  granted.  For the reasons discussed below, the motion is granted in part.

### A. Plaintiff's Excessive Force Claims

Plaintiff's SAC pleads excessive force claims against Defendants Bone and Sheets; namely, Plaintiff alleges these defendants assaulted him on February 5 or 6, 2012.  The Court's previous order, however, stated that the complaint was unclear as to whether each officer was being sued in his official or individual capacity.  The record is still unclear. The SAC alleges action personally taken by each officer, states that the actions were performed under color of law, but then alleges that Defendant Bones is sued in "his capacity as a correctional officer" (Dkt. No. 43 ¶ 7) and seeks judgment against Defendant Sheets in his "occupational capacity"  (*Id.* ¶ 11.).  Although this language suggests that Plaintiff is suing the officers in their individual capacity, Plaintiff's opposition to the motion to dismiss states that "Plaintiff is alleging that the correctional officers were acting in their 'official capacities.'" (Dkt. No. 48 at 3:22-23.)  Adding to the confusion, the opposition also includes the quote "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." (*Id.* at 4:1-3 (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).).

As claims for excessive force are generally brought against the officers who used the force in their individual or personal capacities, and as the Court is not aware of how Plaintiff could state an excessive force claim against these defendants in the "official capacities," the Court deems them sued in their individual capacities notwithstanding the ambiguity in the record.

### B. Plaintiff's Remaining Claims Against the County

Plaintiff's remaining causes of action (with the exception of the third cause of action not at issue here) are all against the County.  These include: (1) denial of medication for vertigo (fourth cause of action), (2) denial of medical treatment (fifth cause of action), (3) segregation (sixth

United States District Court
Northern District of California

cause of action), and (4) denial of medical attention and treatment (seventh cause of action). Each of these causes of action, or at least the allegations upon which they rest, were contained in the prior iterations of the complaint. The County moves to dismiss the fourth, fifth and sixth causes of action, as well as any claim to the extent it is premised on the Fifth Amendment to the United States Constitution. (Dkt. No. 45 at 2-3.)

With respect to Plaintiff's cause of action for segregation, as the Court noted in its prior order, Defendants previously conceded that if Plaintiff named the County as a defendant to Plaintiff's segregation claim, the claim would survive a Rule 12(b)(6) motion. (Dkt No. 42 at 6:9-11 (citing Dkt. No. 37 at 5).) Although the language of the now sixth cause of action is slightly different from what was previously pled as the tenth cause of action, the gist is the same and Plaintiff has now clarified that the claim is against the County. (*Compare* Dkt. No. 27 ¶ 34 *with* Dkt No. 43 ¶ 25-27.) Accordingly, Defendant's motion to dismiss the sixth cause of action is denied.

With respect to the fourth and fifth causes of action, the Court's prior orders dismissing those claims advised Plaintiff of the pleading requirements to establish a claim for deliberate indifference to medical need. In particular, the Court advised that to state a claim for deliberate indifference plaintiff must "[1] show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain" and [2] "show the defendant's response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks and citation omitted). Likewise, the Court advised Plaintiff of the pleading requirements for municipal liability under *Monell*.

Plaintiff, who is represented counsel, is thus well-aware of the pleading requirements to state a deliberate indifference claim against the County under *Monell*. Nonetheless, Plaintiff's SAC allegations as to the fourth and fifth causes of action fail to identify either a long-standing custom or a practice on the part of the County which precipitated the allegedly unconstitutional behavior. Nor does Plaintiff allege that the individual who committed these offenses was an official with final policy-making authority or that such an individual ratified the unconstitutional

5

actions.  The Ninth Circuit recently clarified the pleading standard for a *Monell* claim:  First, …[the] allegations in a complaint… must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The allegations of the fourth and fifth causes of action still fail to satisfy this pleading standard.

### 1. Denial of Medical Treatment for Vertigo (Fourth Cause of Action)

Plaintiff alleges that he was prescribed medication for his vertigo, but that in June 2012 "the medical personnel or jail officials furnished only 50 percent of his daily dose", and then on June 20, 2012, he "got no prescription and was told the County had none."  (Dkt. No. 43 ¶¶ 18-19.)  He further alleges that "[a]ppropriate treatment and appropriate medication is a right of jail inmates" and "[t]he duty of medical treatment is a duty of the County of Sonoma."  (*Id*. at ¶¶ 20-21.)

These allegations are insufficient to state a claim for deliberate indifference as it unclear whether the June 20, 2012 incident was a one-time event or whether he was denied his vertigo medication on an ongoing basis.  However, even if these allegations were sufficient to state a claim for deliberate indifference, Plaintiff does not identify a policy, practice, or custom which led to the denial of his prescription medication nor does he indicate that the "medical personnel or jail officials" who denied him his medication had final policy-making authority.  The fourth cause of action is therefore dismissed.  Because Plaintiff has had multiple opportunities to amend his complaint to state a cognizable claim for *Monell* liability against the County and has failed to do so despite clear instructions from the Court as to what is required, the Court finds that further amendment would be futile and dismisses the claim with prejudice.

### 2. Denial of Medical Treatment (Fifth Cause of Action)

Plaintiff alleges that "[t]he right to adequate medical treatment is established by law and practice" and that he was "denied medical treatment and suffered."  (*Id*. at ¶¶ 22-23.)  He further

6

states that "[r]esponsibility is Sonoma County for violation of Duty." (*Id.*) This cause of action is devoid of any factual allegations regarding a serious medical need to which officials were deliberately indifferent, let alone allegations which would give rise to *Monell* liability for the same. Accordingly, the fifth cause of action is dismissed with prejudice for the reasons stated for the preceding cause of action.

### 3. Fifth Amendment Claims

The SAC makes a single mention of the Fifth Amendment, but does not otherwise explain whether Plaintiff is attempting to state such a claim. When correctional officers use excessive force against a prisoner, they violate the prisoner's Eighth Amendment right to be free from cruel and unusual punishment. *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). Claims for deliberate indifference to medical needs are also analyzed under the Eighth Amendment. *See Cano v. Taylor*, 729 F.3d 1214, (9th Cir. 2014). "Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment," *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *see also Clouthier v. County of Contra Costa,* 591 F.3d 1232, 1241-42 (9th Cir. 2010) (the Eighth Amendment's deliberate indifference standard applies to pretrial detainees' Fourteenth Amendment rights). The remaining claims are for deliberate indifference and excessive force; thus, there is no Fifth Amendment claim. Accordingly, to the extent Plaintiff attempts to make claims under the Fifth Amendment, they are dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss the Second Amended Complaint is GRANTED IN PART and DENIED IN PART.

The motion is granted with prejudice as to Plaintiff's fourth and fifth causes of action (as pled in the SAC), as well as any claims brought pursuant to the Fifth Amendment. The Court construes the first and second causes of action as making claims against the individual defendants in their individual capacities and thus denies the motion to dismiss those claims. The motion to dismiss the sixth cause of action is also denied.

Defendants shall file an answer to the SAC as configured in light of this Order within 20 days.

This Order disposes of Docket No. 45.

**IT IS SO ORDERED.**

Dated: September 2, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge