UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ORTIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVE FREITAS, et al.,<br><br>    Defendants. | Case No. 14-cv-00322-JSC<br><br>**ORDER DENYING OBJECTION TO ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART**<br><br>Re: Dkt. No. 57 |

Plaintiff David Ortiz makes excessive force, denial of medical treatment, and other claims pursuant to 42 U.S.C. section 1983 arising from his detention at the Sonoma County Jail facility. On September 2, 2014, the Court granted in part and denied in part Defendants' Motion to Dismiss the Second Amended Complaint. On September 22, 2014, Plaintiff filed the now pending "Objection to Order to Dismiss 1983 Cause of Action by Magistrate Judge (F.R.C.P. 59(b)(2))" (Dkt. No. 57.) For the reasons set forth below, Plaintiff's motion is DENIED.

As an initial matter, Plaintiff cites "F.R.C.P. 59(b)(2)" as the procedural vehicle for his motion, but there is no such rule. Federal Rule of Civil Procedure 59 applies to motions for new trial and subsection (b) covers the time to file a motion for new trial. To the extent that Plaintiff's motion is intended as a motion for reconsideration pursuant to Civil Rule 7-9, the motion is procedurally and substantively defective.

First, "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civ. L.R. 7-9(a). Plaintiff did not seek leave prior to filing a motion for reconsideration of the Court's September 2, 2014 Order.

Second, a motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise

1  of reasonable diligence, the party applying for reconsideration did not know at the time of the
2  order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the
3  Court to consider material facts or dispositive legal arguments presented before entry of judgment.
4  Civ. L.R. 7–9(b)(1)–(3).  Plaintiff contends that the Court erred in dismissing the Fourth Cause of
5  Action (Denial of Medical Treatment for Vertigo) and the Fifth Cause of Action (Denial of
6  Medical Treatment); however, Plaintiff's motion does not satisfy any of the three grounds for a
7  motion for reconsideration, and instead, reargues the merits of his claims.  Rule 7-9(c) expressly
8  prohibits "reargu[ing] any written or oral argument previously asserted to the Court."  For this
9  reason, alone, the motion must be denied.

10  Third, the motion fails on its merits.  The Court previously dismissed the Fourth and Fifth
11  Causes of Action with leave to amend for failure to state a claim.  (Dkt. Nos. 26 & 42.)  In
12  particular, the Fourth and Fifth Causes of Action were pled against Sonoma County, that is, both
13  were pled as *Monell* claims.  As explained in the September Order dismissing these claims for the
14  *third* time, Plaintiff had still failed to identify a policy, practice, or custom which led to the denial
15  of treatment under either cause of action; nor had he specified who denied him treatment and that
16  the individual(s) who did so had final policy-making authority.  (Dkt. No. 55.)  Plaintiff's motion
17  for reconsideration does not even address these deficiencies.  For this reason, too, the motion is
18  DENIED.

19  This Order disposes of Docket No. 57.

20  **IT IS SO ORDERED**.

21  Dated: October 21, 2014

*Jacqueline S. Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge