UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ORTIZ,<br><br>        Plaintiff,<br><br>    v.<br><br>STEVE FREITAS, et al.,<br><br>        Defendants. | Case No. 14-cv-00322-JSC<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**<br><br>Re: Dkt. No. 81 |

Now pending before the Court is the Motion of Carl B. Shapiro to withdraw as counsel for Plaintiff David Ortiz. (Dkt. No. 81.) Plaintiff has not responded to the motion; nor have Defendants opposed the motion, although the time for them to do so has passed. After carefully considering Plaintiff's counsel's motion, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS the motion as set forth below.

**LEGAL STANDARD**

Under the Court's Civil Local Rules, "[c]ounsel may not withdraw from an action until relieved by order of the Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a); *Dist. Council No. 16 No. Cal. Health & Welfare Trust Fund v. Lambard Enters., Inc.*, No. C 09-05189 SBA, 2010 WL 3339446, at *1 (N.D. Cal. Aug. 24, 2010) (citations omitted). The Local Rule further provides that "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to proceed pro se, leave to

withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

The decision to permit withdrawal of counsel is within the trial court's discretion. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). Courts ruling on motions to withdraw have considered, among other things, (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). In this District, courts also consider the standards of professional conduct required of members of the State Bar of California when determining whether counsel may withdraw representation. *See, e.g.*, *U.A. Local 342 Joint Labor-Mgmt. Comm. v. So. City Refrigeration, Inc.*, No. 09-3219, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010); *Cal. Native Plant Soc'y v. U.S. EPA*, No. 06-3604, 2008 WL 4911162, at *1 (N.D. Cal. Nov. 14, 2008). Under California Rule of Professional Conduct 3-700(C)(1)(d), an attorney may request permission to withdraw on the basis of "conduct [that] renders it unreasonably difficult for the [attorney] to carry out the employment effectively." Cal. Rule of Prof. Conduct 3-700(C)(1)(d).

**DISCUSSION**

Here, Mr. Shapiro seeks to withdraw because Mr. Ortiz has repeatedly failed to maintain regular communication with counsel. In support of his motion to withdraw, Mr. Shapiro has submitted a declaration, as has his paralegal, Karen Wagner. (Dkt. Nos. 81-1 & 81-2.) Ms. Wagner's declaration attests to multiple attempts to contact Mr. Ortiz to determine the duration of his stay in various residential treatment programs and to obtain a written release of information which would allow her to communicate with his health care provider(s) or the treatment program(s) regarding his anticipated discharge date. Ms. Wagner also attests that Mr. Shapiro sent Mr. Ortiz two letters notifying Mr. Ortiz that counsel intended to withdraw due to Mr. Ortiz's lack of cooperation in pursuing this action. (Dkt. No. 81-2 ¶¶ 16-17.) Thereafter, on May 19, 2015,

Mr. Ortiz called Mr. Shapiro and stated that he had consulted two other attorneys and that although he wanted Mr. Shapiro to continue to represent him, he "understood that, in the year and a half since the case was filed, Mr. Shapiro, who turns 99 in July 2015, would have a hard time representing him due to mobility and hearing issues that have worsened in the last year." (*Id*. at ¶ 19.) Mr. Ortiz was served with a copy of the motion to withdraw in the care of the residential treatment program wherein he resides. (Dkt. No. 81-1 at p. 7.)[1]

Mr. Ortiz's failure to maintain regular contact with his counsel and cooperate in moving the litigation forward constitutes good cause for withdrawal. Proceedings in this case have been delayed on multiple occasions because of Mr. Ortiz's unavailability due to his detention in the Sonoma County Jail (Dkt. Nos. 60, 67), his participation in various residential treatment programs (Dkt. Nos. 72, 75, 80), and counsel's inability to locate Mr. Ortiz (Dkt. No. 78-1). The lack of a cooperative relationship between an attorney and his client may justify the attorney's withdrawal. *See, e.g.*, *U.A. Local 342*, 2010 WL 1293522, at *3; *McClintic v. U.S. Postal Serv.*, No. 13-cv-00439, 2014 WL 51151, at *3 (E.D. Cal. Jan. 7, 2014) (collecting cases in which a client's failure to cooperate or communicate effectively with counsel justified the attorney's motion to withdraw). However, "withdrawal is only proper if the client's interest will not be unduly prejudiced or delayed." *McClintic*, 2014 WL 51151, at *2 (citation omitted).

Mr. Shapiro has taken "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client," *see* Cal. R. Prof. Conduct 3–700(A); however, Mr. Ortiz's lack of communication regarding his whereabouts and corresponding lack of availability have made it unreasonably difficult for Mr. Shapiro to provide effective representation. Further, counsel's withdrawal will not prejudice Defendants, harm the administration of justice or unduly delay the resolution of the case. The Court's last Order required Plaintiff to appear for his previously continued deposition on July 7, 2015 and advised him that the action would be dismissed for failure to prosecute if he did not appear as the deposition had been continued twice previously due to last minute unavailability of either Mr. Ortiz or Mr. Shapiro. (Dkt. No. 80.) On May 14, 2015,

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

3

1  Mr. Shapiro mailed Mr. Ortiz a copy of the Court's Order and the deposition notice. (Dkt. No. 81-
2  2 ¶¶ 17-16.) On May 19, 2015, Mr. Ortiz contacted Mr. Shapiro's law offices and advised Ms.
3  Wagner, Mr. Shapiro's paralegal, that he had received the correspondence from Mr. Shapiro
4  including the notice of deposition and that he had consulted two attorneys about taking over
5  representation of his case. (*Id*. at ¶ 19.) Mr. Ortiz has thus had ample notice of the date and time
6  of his deposition, the consequences of failing to appear at the deposition, and the opportunity to
7  secure other representation for the deposition. Accordingly, notwithstanding the withdrawal of
8  Mr. Shapiro, **if Mr. Ortiz fails to appear for the deposition on July 7, 2015 at 10 a.m., this**
9  **action may be dismissed for failure to prosecute**. *See* Fed. R. Civ. P. 41(b).

## CONCLUSION

For the reasons stated above, Plaintiff's Counsel's Motion to Withdraw is GRANTED. (Dkt. No. 81.) The Clerk shall amend the docket to indicate that Plaintiff is proceeding pro se. His address is 815 Buena Vista Ave. W. San Francisco, California, 94117, tel. 510.681/8180.

As Plaintiff is proceeding pro se, the Court directs his attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Plaintiff may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415)-782-8982, for free assistance regarding his claims.

**IT IS SO ORDERED.**

Dated: June 18, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge